## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO.: ) |
| v. | ) **COMPLAINT** ) **JURY TRIAL DEMAND** |
| PENN TACO, INC. d/b/a TACO BELL | ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex and to provide appropriate relief to a class of female employees (the "class") who were adversely affected by such practices, including Keasha Custis, Jessica Torres and Jessica Kauffman. As set forth in more detail below, the Commission alleges the class was unlawfully and repeatedly subjected to a sexually hostile work environment. The Commission further alleges that some class

members were constructively discharged as a result of the hostile work environment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981 A.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States for the Middle District of Pennsylvania.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4.  At all relevant times, Defendant, Penn Taco, Inc. d/b/a Taco Bell ("Defendant" and/or "Taco Bell"), has been and is now doing business in the Commonwealth of Pennsylvania and the cities, towns and vicinities of Harrisburg,

Lancaster, York, Lebanon and Hummelstown and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

### STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, a Charge of Discrimination was filed with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2007, Defendant Employer has engaged in unlawful employment practices at its Pennsylvania facilities, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting the class to a sexually hostile work environment and forcing the constructive discharge of Keasha Custis and Jessica Kauffman. These practices include the following:

(a) Repeatedly subjecting the class to sexually offensive and inappropriate comments and conduct by a male manager, Stephen Zaffuto.

(b) Mr. Zaffuto regularly referring to himself as the "Italian Stallion," the "best lover around," and routinely bragging that "any woman who sleeps with [him]

will walk away bow-legged";

(c) Mr. Zaffuto repeatedly performing the "bunny dance" which involved a lewd thrusting of his hips and pelvic area. Sometimes, Mr. Zaffuto would perform the "bunny dance" and proclaim, "this is how I do it when I have sex";

(d) Mr. Zaffuto repeatedly making sexually offensive comments to his female staff, such as stating that a particular employee wanted to "suck him" or that he was "horny";

(e) Mr. Zaffuto routinely making comments to the class, including crude remarks about the breast size and the physical appearance of female employees and customers. In addition, Mr. Zaffuto promoted female staff who would flirt with him or have intimate relationships with him.

8. The effect of the practices complained of in paragraph 7 above has been to deprive the class of equal employment opportunities and otherwise adversely affects their status as employees because of their sex.

9. The acts complained of in paragraph 7 above were intentional and malicious.

10. The unlawful employment practices complained of in paragraph 7 above were done with reckless indifference to the federally protected rights of the class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D.   Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E.   Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring

all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F.   Order Defendant Employer to make whole the class by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

G.   Order Defendant Employer to make whole the class by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

H.   Order Defendant Employer to pay the class punitive damages for its malicious and reckless conduct described in paragraphs7 above, in amounts to be determined at trial.

I.   Grant such further relief as the Court deems necessary and proper in the public interest.

J.   Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION*
1801 L. Street, NW
Washington, DC 20507

JACQUELINE H. MCNAIR
Regional Attorney

TERRENCE R. COOK
Supervisory Trial Attorney

STEPHANIE MARINO
Trial Attorney
ID No.: PA 77752
stephanie.marino@eeoc.gov
*EQUAL EMPLOYMENT OPPORTUNITY COMMISSION*
Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107
T: (215) 440-2841 / F: (215) 440-2848

7