IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 08-01808 |
| v. | ) ) | (ARC) |
| PENN TACO, INC. d/b/a TACO BELL | ) ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on September 30, 2008, against Penn Taco, Inc. d/b/a Taco Bell under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Rights Act of 1991. The Commission alleged that Penn Taco Inc. d/b/a Taco Bell subjected female employees to repeated and unlawful sexual harassment which created a sexually hostile work environment.

B.  This Consent Decree is entered into by and shall be final and binding between the EEOC and Penn Taco, Inc. d/b/a Taco Bell, its directors, officers, agents, employees and all persons in active concert or participation with it, (hereinafter collectively referred to as "Penn Taco" or "Defendant").

C.  The EEOC and Penn Taco agree to entry of this Consent Decree, which shall fully and finally resolve all claims the EEOC raised in its Complaint in Civil Action No. 08-cv-1908.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**NON-DISCRIMINATION AND NON-RETALIATION**

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Penn Taco is enjoined from engaging in discrimination of any employee on the basis of sex in violation of Title VII of the Civil Rights Act of 1964.

3. Penn Taco is enjoined from engaging in any employment practices which retaliate in any manner against any person because of that person's opposition to any practice made an unlawful employment practice under Title VII of the Civil Rights Act of 1964 or because that person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

4. Penn Taco shall not divulge, directly or indirectly, to any identifiable employer or potential employer of Keasha Custis or Jessica Torres any of the facts or circumstances related to the claims of discrimination against Penn Taco in this case or any of the events relating to their participation in the litigation of this action.

**NON-ADMISSION**

5. This Decree shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission of liability by Defendant nor as a disavowal by the EEOC of the allegations in the Complaint.

**MONETARY RELIEF**

6. Taco agrees to pay to the claimants the sum of Thirty Five Thousand Dollars and zero cents ($35,000.00) in full consideration of their claim for damages and to resolve the claims raised on their behalf against Penn Taco in the EEOC's Complaint, Civil Action No.08-1808.

Penn Taco shall issue checks payable to the identified claimants in the amounts stated on Attachment A within thirty (30) days of receipt of the executed attached Release (Attachment B). Penn Taco will issue the claimants an IRS Form 1099 with respect to these payments.

7.     Penn Taco will submit proof of payment by mailing a copy of the checks issued in this matter to: Dawn M. Edge, Trial Attorney, EEOC, Philadelphia District Office, 801 Market Street, Penthouse, Suite 1300, Philadelphia, PA 19107.

## POSTING OF NOTICE

8.     Within 20 business days after entry of this Decree, Penn Taco shall post on all bulletin boards used by Penn Taco for communicating with employees, same-sized copies of the Notice attached as Exhibit 1 to this Decree. The Notice shall remain posted for two (2) years from the date of entry of this Decree. Penn Taco shall provide to the attention of Dawn M. Edge, Trial Attorney, EEOC, 801 Market Street, Penthouse, Suite 1300, Philadelphia, PA 19107, a list of the locations and dates of posting in each location after entry of this Decree. If posted copies become defaced, removed, marred or otherwise illegible, Penn Taco agrees to post a readable copy in the same manner as heretofore specified.

## NON-DISCRIMINATION AND ANTI-HARASSMENT POLICIES AND COMPLAINT PROCEDURES

9.     In response to Charge No. 846-2007-00359 underlying this action, Penn Taco's policy or policies against discrimination, retaliation and complaint procedures under Title VII of the Civil Rights Act of 1964 have beeen drafted in plain and simple language. Penn Taco ensures that its policy or policies against discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and related complaint procedures meet the following minimum criteria:

(a) state that Penn Taco: (i) prohibits discrimination against employees on the basis of sex and prohibits retaliation in violation of Title VII of the Civil Rights Act of 1964; (ii) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in an investigation by the EEOC or a state or local governmental agency of a charge of discrimination under Title VII of the Civil Rights Act of 1964; and, (iii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex in violation of Title VII of the Civil Rights Act of 1964;

(b) include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy or policies against discrimination and retaliation, which shall meet the following minimum criteria: (i) provide effective mechanism(s) for reporting incidents of discrimination and retaliation; (ii) provide that the complaints of discrimination and/or retaliation can be made either in writing or verbally; (iii) identify management employees to whom an employee can make a complaint; (iv) provide employees with written instructions explaining how an employee shall make a complaint of discrimination or retaliation; (v) provide that, upon an employee's request to a Department Supervisor Penn Taco will offer translating assistance for filing a written complaint in English or otherwise communicating during the investigation of a complaint; (vi) encourage prompt reporting by employees; and (vii) provide assurances that complainants shall not be subjected to retaliation;

(c) provide for prompt investigation of complaints of discrimination;

(d) provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed; and

4

(e) provide for discipline up to and including discharge of an employee or supervisor who violates Penn Taco's policy or policies against discrimination and retaliation, and for increasingly severe discipline of repeat offenders.

## SUPERVISOR ACCOUNTABILITY

10. In response to Charge No. 846-2007-00359 underlying this action, Penn Taco's policies and procedures promote supervisor accountability by the following conduct:

(a) providing annual anti-discrimination training to all of its supervisory and managerial personnel as set forth in Paragraph 12;

(b) disciplining, up to and including discharge, any supervisor or manager who violates Penn Taco's policy or policies against discrimination and retaliation;

(c) imposing on all managers and supervisory personnel a duty to administer their work areas to ensure compliance with Penn Taco's policy or policies against discrimination, harassment and retaliation; and,

(d) requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the Penn Taco's Human Resources Department.

## TRAINING

11. In response to Charge No. 846-2007-00359 underlying this action, Penn Taco provides training on the requirements of Title VII of the Civil Rights Act of 1964 as follows:

(a) Penn Taco agrees to provide annual training sessions for all of its managers and supervisors, and to all Human Resources Department employees, by a trainer or vendor approved by the EEOC to provide training on employee rights and employer obligations under both Title VII of the Civil Rights Act of 1964 and relevant state or local anti-

discrimination laws, which training will emphasize what constitutes unlawful discrimination in the workplace, how to keep the company free from such discrimination, what constitutes unlawful retaliation and will summarize how to conduct a prompt and effective investigation into allegations, complaints or charges of discrimination; and,

(b)     Penn Taco shall first provide training in accordance with Paragraph 12(a) by no later than 90 calendar days after entry of this Consent Decree.

## DISPUTE RESOLUTION

12.     In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 20 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 20 business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

13.     Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

14.     The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers of Penn Taco in their capacities as representatives, agents, directors and officers of Penn Taco and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any individual is found in contempt for a violation of this Decree.

6

15. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 08-cv-1808.

16. This Consent Decree shall be filed in the United States District Court for the Middle District of Pennsylvania and shall continue in effect for two (2) years. During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than 30 days notice to the other party. Should any material disputes under this Decree remain unresolved after this four year period, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all disputes have been resolved.

17. The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PENN TACO, INC. d/b/a TACO BELL |
| JAMES L. LEE<br>DEPUTY GENERAL COUNSEL | JOSEPH J. SANTARONE, JR.<br>Marshall, Dennehey, Warner, Coleman & Goggin<br>620 Freedom Business Center, Suite 300 |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br>Washington, D.C. | King of Prussia, PA 19406<br>Telephone: (610) 354-8250<br>Facsimile: (610) 354-8299 |
| DEBRA M. LAWERENCE<br>Acting Regional Attorney | |

_____
DAWN M. EDGE
Trial Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
801 Market Street,
Penthouse, Suite 1300
Philadelphia PA 19107
Telephone: (215) 440-2687
Facsimile: (215) 440-2848

By the Court: _____   Date: September 17, 2009
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

## NOTICE TO ALL PENN TACO, INC., d/b/a TACO BELL EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court for the Middle District of Pennsylvania in EEOC v. Penn Taco, Inc. d/b/a Taco Bell, Civil Action Number 08-1808.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of their rights under Title VII by engaging in protected activities, such as opposing employment practices believed to be discriminatory, filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is a federal agency which investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in Federal Court to enforce Title VII.

In its lawsuit, the EEOC alleged that Penn Taco subjected female employees to a hostile work environment because of their sex. Penn Taco denies these allegations.

To resolve the case, Penn Taco and the EEOC have entered into a Consent Decree which provided, among other things, that: (1) Penn Taco shall not discriminate on the basis of sex; (2) Penn Taco shall not retaliate against any person because he or she opposed any practice made unlawful by Title VII, participated in any Title VII proceedings, or asserted any rights under Title VII; and, (3) Penn Taco will train all managers and supervisors regarding Title VII's prohibitions against discrimination and retaliation.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 801 Market Street, Penthouse, Suite 1300, Philadelphia, PA 19107.

_____         _____
U.S. Equal Employment Opportunity           Penn Taco, Inc. d/b/a Taco Bell
Commission

DATED: 9/16/09                              DATED: 8/27/09

9

ATTACHMENT A

## **SETTLEMENT FUND ALLOCATIONS**

The following individuals will each receive the amounts indicated next to their respective names as referenced in Paragraph No.7 of the Consent Decree:

Keasha Custis - $10,000.00

Jessica Torres - $25,000.00

10

ATTACHMENT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENN TACO, INC. d/b/a TACO BELL )<br>)<br>Defendants. )<br>)<br>) | CIVIL ACTION NO.<br>08-01808<br>(ARC) |

## RELEASE

Pursuant to the terms of the Consent Decree entered into by the Equal Employment Opportunity Commission ("EEOC") and Penn Taco, Inc., d/b/a Taco Bell ("Penn Taco"), in the above-captioned case, I, <u>Jessica Torres</u>, do hereby waive, remit, release and forever discharge Penn Taco, its parent and subsidiary companies, and affiliates, and any and all of the officers, directors, agents, attorneys, employees, and members of such entities from any and all claims, demands or causes of action under Title VII, including attorneys fees and costs, arising from or relating to any right or entitlement now existing until the date of execution of this Release for claims arising from or allegations made in <u>EEOC v. Penn Taco, Inc., d/b/a Taco Bell</u>, Civil Action 08-1808, based on claims discrimination based on sex occurring prior to this date. This Release is freely executed in return for the good and valuable consideration of Twenty-Five Thousand Dollars and zero Cents ($25,000.00) as set forth in the above-referenced Consent Decree.

Date: 8/18, 2009

Sworn to and Subscribed
Before me this 18th day
of August, 2009.

_____
NOTARY PUBLIC
My Commission Expires: 11/30/11

SIGNATURE: _____
Name: Jessica Torres

NOTARIAL SEAL
ANDREA C HARNEY
Notary Public
EAST HEMPFIELD TWP LANCASTER COUNTY
My Commission Expires Nov 30, 2011

ATTACHMENT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 08-01808 |
| v. | ) ) | (ARC) |
| PENN TACO, INC. d/b/a TACO BELL | ) ) ) | |
| Defendants. | ) ) ) | |

## RELEASE

Pursuant to the terms of the Consent Decree entered into by the Equal Employment Opportunity Commission ("EEOC") and Penn Taco, Inc., d/b/a Taco Bell ("Penn Taco"), in the above-captioned case, I, Keasha Custis do hereby waive, remit, release and forever discharge Penn Taco, its parent and subsidiary companies, and affiliates, and any and all of the officers, directors, agents, attorneys, employees, and members of such entities from any and all claims, demands or causes of action under Title VII, including attorneys fees and costs, arising from or relating to any right or entitlement now existing until the date of execution of this Release for claims arising from or allegations made in EEOC v. Penn Taco, Inc., d/b/a Taco Bell, Civil Action 08-1808, based on claims discrimination based on sex occurring prior to this date. This Release is freely executed in return for the good and valuable consideration of Ten Thousand Dollars and zero Cents ($10,000.00) as set forth in the above-referenced Consent Decree.

Date: 8/22/09, 2009

Sworn to and Subscribed
Before me this 22d day
of August, 2009.

NOTARY PUBLIC
My Commission Expires: 11/30/11

SIGNATURE: Keasha Custis
Name: Keasha Custis

NOTARIAL SEAL
ANDREA C FARNEY
Notary Public
EAST HEMPFIELD TWP, LANCASTER COUNTY
My Commission Expires Nov 30, 2011